**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                          **Criminal No. 1:21-cr-00131**

**SCOTT MEADOWS**

**DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE OTHER BAD ACTS EVIDENCE AT TRIAL**

The defendant, Scott Meadows, by his counsel, pursuant to Rules 401, 404(b), and 403 of the Federal Rules of Evidence, moves this Court to exclude anticipated "bad acts" testimony concerning this defendant that does not pertain to the charged conduct set forth in the six count Superseding Indictment.  In support of this Motion, the defendant states as follows:

(1)    The defendant has been charged in a six count Superseding Indictment. Dkt. No. 47. Count One charges co-defendant Douglas Vineyard, the defendant, and others known and unknown to the Grand Jury as being part of a conspiracy to use fire to commit wire fraud in violation of 18 U.S.C. § 844(m).[1]  Count Two charges co-defendant Douglas Vineyard, the defendant, and others known and unknown to the Grand Jury, to knowingly cause the use of fire to commit wire fraud in violation of

---

[1] The time period for the charged conspiracy is from July 1, 2019, through at least January 15, 2020.  On August 6, 2019, a residence located at 1746 Princeton Avenue in Bluefield was destroyed by fire.  This subject property is referenced in all six counts of the Superseding Indictment.

18 U.S.C. § 1343 and 18 U.S.C. § 2.  Counts Three through Six charge co-defendant Douglas Vineyard, the defendant, and others known and unknown to the Grand Jury with engaging in a scheme to defraud Allstate Insurance Company and causing four separate documents to be transmitted through wire communication in furtherance of a scheme to recover insurance proceeds for the subject property located in Bluefield, West Virginia.

(2)    The Government has not made any disclosures concerning any Rule 404(b) bad acts evidence which will be sought to be introduced in this case.  Dkt. No. 21.  Nevertheless, the defendant anticipates that the Government may seek to introduce testimony relating to the fact that in 2015, the defendant received $245,500 in insurance proceeds as the result of fire damage to his property located on Cherry Lane in Thorpe, West Virginia.  The defendant's fire loss insurance claim was reportedly submitted to his insurance carrier on or about January 5, 2015.  No one was ever charged with any criminal offense arising from this particular fire.  The Government has not produced any documents that would suggest that the fire at the defendant's property was intentionally set.

(3)    The defendant also seeks to prohibit the Government from introducing any testimony from any witness that the defendant was purportedly involved in other suspicious fires which damaged or destroyed other residences located in Mercer and/or McDowell Counties.  Specifically, there are allegations that the defendant worked with Joe Williams and Chris Grose on remodeling projects on houses which later burned down in McDowell County.  All of the owners of these residences had

2

obtained homeowners insurance coverage.  The respective insurance companies did not deny coverage on grounds that any of the owners were suspected of committing arson and paid on the submitted damage claims.  It is counsel's understanding that these fire losses occurred in 2015 and 2016.   Neither the defendant, nor any of the other alleged participants, have ever been charged with any criminal offense arising from any of the events.

(4)    Rule 404(b) of the Federal Rules of Evidence provides that evidence which would serve to improperly taint the defendant's character is not admissible unless the Government can establish all of the requirements for admitting evidence of "other bad acts" allegedly committed by the defendant.  *See United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020); *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012).  Rule 404(b) prohibits evidence of other crimes or bad acts to show bad character or the defendant's propensity to break the law.  *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008); citing *United States v. Young*, 248 F.3d 260, 271 (4th Cir. 2001).

(5)    In order to be considered admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary in the sense that it is probative of an essential claim or element of the offense; (3) reliable; and (4) pass the Rule 403 balancing test to determine whether its probative value is substantially outweighed by the danger of confusion or unfair prejudice.  *Siegel*, 536 at 317.  The Government bears the burden of establishing that evidence of a defendant's prior bad

3

acts is admissible for a proper purpose. *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017).

(6)    Rule 404(b) is applicable "when the challenged evidence is extrinsic, that is, separate from or unrelated to the charged offense." *Brizuela*, 962 F.3d at 793; citing *United States v. Bush*, 944 F.3d 189, 195 (4th Cir. 2019).  In *Brizuela*, the Fourth Circuit reversed a district's denial of a defendant's Rule 404(b) motion by finding that some of the testimony which the Government introduced at the defendant's trial was extrinsic evidence which was not related to the charged conduct. *Id.* at 797.  The facts of the case involved a board certified neurologist who had been indicted on twenty-one counts of distributing controlled substances outside of the bounds of professional medical practice.  *Id.* at 789.  The defendant's Rule 404(b) motion sought to preclude the Government from calling four patients of the defendant for which none of the charges related to their treatment.  *Id.* at 791.

(7)    The Fourth Circuit agreed with the defendant's argument that the testimony of these four patients was not necessary to complete the story of the charged offenses and was not otherwise admissible under any of the provisions of Rule 404(b).  *Id.* at 793.  The testimony would not be considered as being intrinsic to the charges since the testimony was not probative of an "integral component of the crime on trial" and was not needed to complete the story of the crime itself.  *Id.* at 795.

(8)    Another case on point would be the Fourth Circuit's decision in *McBride* where the Fourth Circuit found that a district court had improperly allowed the

Government to introduce evidence of an attempted drug transaction that occurred some eighteen months prior to the charged conduct. 676 F.3d at 398. In *McBride*, the defendant had been charged with possession with intent to distribute cocaine and other related offenses in connection with an August 12, 2009, discovery of a large amount of cocaine powder in his car. *Id.* at 390. At trial, the Government introduced testimony from a previous encounter where a confidential informant had attempted to purchase crack cocaine from the defendant. *Id.* at 391. This incident occurred approximately eighteen months prior to the charged conduct. *Id.* The Fourth Circuit rejected the argument that the previous encounter arose out of the same series of transactions as the charged conduct or was otherwise necessary to complete the story of the charged conduct. *Id.* at 398. Rather, the evidence was only relevant to establish the defendant's character as a drug dealer, which was the type of evidence which Rule 404(b) was meant to exclude. *Id.*

(9)     This Court can rely upon the holdings of *Brizuela* and *McBride* to find that testimony related to allegations that the defendant was responsible for setting fires at his property, as well as other residences, would constitute extrinsic evidence which is not necessary to complete the story of the charged offense. The alleged conduct occurred between three to four years prior to co-defendant Douglas Vineyard's purchase of the subject property in Bluefield in July of 2019.

(10)     The allegations against the defendant would not be admissible under the four part test prescribed by Rule 404(b). First, no relevant purpose is served by admitting allegations which only significantly impugn the defendant's character as

5

someone who has been previously involved in arson related activities. This type of propensity evidence to engage in criminal conduct is not a permissible use of Rule 404(b). Second, the allegations involving the defendant are not necessary for the Government to establish any of the required elements for the six counts in the Superseding Indictment. The Government has to prove that the defendant knowingly and intentionally joined into a conspiracy with others to use fire to destroy the property purchased by Douglas Vineyard and then to collect the insurance proceeds. All of this has been alleged to have taken place after July 1, 2019, through at least January 15, 2020, as opposed to sometime in 2015 or 2016. Dkt. No. 47, p. 2. Third, the reliability of the allegations remains highly dubious given the fact that fire loss damage claims were paid out in each instance. There have been no objective findings made by law enforcement that the defendant, or anyone else, was responsible for causing any of the fires, and no one was ever charged with committing any criminal offense.

(11)    Rule 403 would further provide for the exclusion of this testimony where the probative value of the testimony is substantially outweighed by the danger of unfair prejudice. *McBride*, 676 F.3d at 395. Evidence should be excluded for purposes of Rule 403 where there is a genuine risk that the emotions of a jury will be excited to "irrational behavior" and this risk is disproportionate to the probative value of the offered evidence. *United States v. Udeozor*, 515 F.3d 260, 264 (4th Cir. 2008); *United States v. Mohr*, 318 F.3d 613, 618 (4th Cir. 2003).

6

(12)   It is likely that all of the members of jury would become highly perturbed to learn that the defendant received a six figure check from insurance proceeds given that a similar outcome was being sought by his alleged co-conspirator, Douglas Vineyard, in the instant case.  As the Government's evidence would show that Mr. Vineyard purchased the subject property for $5,000 and then insured the dwelling for $285,500, jurors are necessarily going to wonder whether the same set of dubious circumstances were involved in the fire loss involving the defendant's property.  Any testimony relating to the defendant's prior fire loss could easily result in a jury improperly returning a conviction without even considering whether the defendant actually engaged in any of the charged conduct in the six charged counts.

In order to avoid significant and unfair prejudice to the defendant's case, this Court should proceed to grant this Motion and enter an appropriate Order directing that the Government be precluded from introducing any testimony or other evidence that the defendant previously received $245,500 in insurance proceeds as the result of a 2015 fire loss as well as allegations that the defendant has previously engaged in remodeling projects where residences were subsequently damaged or destroyed by fire under suspicious circumstances.

Respectfully submitted this 14th day of March, 2022.

**SCOTT MEADOWS**

**By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org