# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 1:21-CR-00131**
                                                         **HONORABLE DAVID A. FABER**

**DOUGLAS VINEYARD**
**SCOTT MEADOWS**
**CHRISTOPHER LARRY GROSS**

---

## MOTION *IN LIMINE* TO EXCLUDE POLE CAMERA FOOTAGE

---

Comes now Defendant, Mr. Christopher Larry Gross, by and through the undersigned counsel, and respectfully moves *in limine* to preclude introduction footage obtained by a pole cam without warrant.

## BACKGROUND

In August of 2019, investigators erected a pole camera to conduct video surveillance of a residence located 1746 Princeton Avenue, Bluefield, West Virginia.

On August 5, 2019, Defendant is seen at the residence along with codefendants and other "Known Persons A" and Known Person "B".

On August 6, 2019, codefendant, along with Known Person A and "Known Person B" are allegedly seen on the pole camera at or around the time the house caught fire.

## ARGUMENT

Evidence obtained by use of a pole camera should be excluded as violative of the Fourth Amendment as it was obtained without a valid warrant.

## LEGAL ANALYSIS

The issue of whether pole cameras was recently explored in the First Circuit in the case of explored in US v. Moore-Bush. In that case, Justice Barron

ATF agents suspected that Nia Moore-Bush was involved in illegal drug and

firearm sales. Without obtaining a warrant, they mounted a sophisticated camera

on a telephone pole and surveilled her Massachusetts home for eight months in

2017. The camera recorded the front part of Moore-Bush's house and yard and her full driveway, day and night. Cam could capture facial expressions, small objects in a person's hands, license plates, etc. Cam captured her comings, goings, guests, and activities in the front curtilage of the residence, and ultimately, helped law enforcement make their arrest.

Moore-Bush's motion to suppress this evidence following her arrest was granted by a federal district court and then denied by a panel from the U.S. Court of Appeals for the First Circuit. The First Circuit took the case en banc—and divided 3/3 on whether eight months of pole camera surveillance is a violation of one's Fourth Amendment right to protection against unreasonable search.

Chief Judge David Barron and Judges O. Rogeriee Thompson and William Kayatta ruled in favor of a warrant requirement for pole cameras. The judges argued that the ATF's use of the pole camera for eight months was a search under the Fourth Amendment, requiring a warrant. Their primary argument is based on the recent Supreme Court case Carpenter v. United States.

Barron argues that Carpenter plainly applies to the issue of pole camera surveillance, and concluded that "Carpenter, by its own terms, is not limited to situations in which the third-

party doctrine is in play." That is, Carpenter and its factors can be used to resolve Fourth Amendment questions involving either data held by third parties or data collected directly by the government. Carpenter stated that its holding would apply equally if the government were to "employ[] its own surveillance technology" to collect "a record of [Carpenter's] physical movements."

Chief Judge Barron's opinion applies several of the factors discussed in Carpenter in the manner of a doctrinal test.

This test typically involves three factors: the revealing nature of the data collected, the amount of data collected, and whether the data was voluntarily revealed to another party.

Judge Barron makes a policy-based argument about the consequences of leaving pole camera surveillance entirely unregulated under the Constitution. Judge Barron note that the opposing judges' approach would allow the government to obtain "continuous video footage of every home in a neighborhood, or for that matter, in the United States as a whole." **US v. Moore-Bush, US v. Moore, No. 19-1582 (1st Cir. 2022)**

WHEREFORE, the defendant moves the Court to exclude all evidence obtained by the use of a pole camera, and for such

other and further relief as may be deemed appropriate by this

Honorable Court.

Respectfully Submitted,

**CHRISTOPHER LARRY GROSS**
By Counsel

/S/ John C. Anderson, II
_____
John C. Anderson II, Esq. WVSB No. 11242
Anderson Law Office, PLLC
*Criminal Justice Act Panel Attorney for Defendant*
P.O. Box 981
Lewisburg, WV 24901
*Telephone*: (304) 520-5847
*Fax*: (304) 520-0193

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2022, I, John C. Anderson, II, Esq., electronically filed the foregoing "Motion *in Limine* to Exclude Pole Camera Footage" with the Clerk of Court using the CM/ECF system and service was made via CM/ECF on the following:

R. Gregory McVey, Esq.
Assistant United States Attorney
300 Virginia Street, East
Charleston, WV 25301

E. Ward Morgan, Esq.
3217 Cumberland Road
Bluefield, WV 24701

David R. Bungard, Esq.
Federal Public Defender
300 Virginia Street, Suite 3400
Charleston, WV 25301

/S/ John C. Anderson, II

_____
John C. Anderson II, Esq. WVSB No. 11242
*Criminal Justice Act Panel Attorney for Defendant*
PO Box 981
Lewisburg, WV 24901
Telephone: (304) 520-5847
Fax: (304) 520-0193
AndersonLegal.WV@gmail.com